# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS, a non-profit
organization, and T and E, Inc., a
non-profit organization,

      Plaintiffs,

vs.                                         No. CIV 98-1035 MV/WWD

BUREAU OF LAND MANAGEMENT,
an agency of the United States Department
of the Interior,

      Defendant,

and

IRVIN and PATRICIA PABLO, IRENE
ARROSSA, THG CORPORATION, and
FNF PROPERTIES L.L.C., a New Mexico
limited liability company,

      Intervenor Defendants.

### *AMENDED* MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Intervenor FNF's Motion for Stay filed August 18, 1999 [**Doc. 91**] and Plaintiff's Motion to Strike Intervenor FNF Properties' Motion for Summary Judgment, filed September 17, 1999 **[Doc. 98]**. The Court, having reviewed the motions, responses, replies, relevant law, and being otherwise fully informed finds that the Motion to Strike is well-taken and will be **GRANTED**, and that the Motion for a Stay is also well-taken and will be **GRANTED IN PART**, as explained below.

**BACKGROUND**

Plaintiffs Forest Guardians and T and E, Inc., both non-profit environmental advocacy groups, assert that Defendant Bureau of Land Management (BLM) has not complied with the mandates of the National Environmental Policy Act, 42 U.S.C. § 4321 (NEPA), in issuing grazing permits in the El Malpais National Conservation Area (El Malpais). The Complaint asserts that the BLM acknowledged to Plaintiffs that the agency must complete an environmental assessment (EA) in order to comply with the requirements of NEPA but that BLM has nevertheless refused to conduct an EA. Plaintiffs request the following relief: (1) a declaration pursuant to the Administrative Procedure Act, 5 U.S.C. § 706 (APA) that the BLM failed to observe NEPA; (2) an order requiring the BLM to comply with NEPA; and (3) an injunction to prevent livestock grazing and revoking current grazing permits pending compliance. Intervenors FNF Properties, Irvin and Patricia Pablo, Irene Arrossa, and THG Corporation hold grazing permits in El Malpais.

A review of the relevant procedural history is also important. In its January 21, 1999 Order, the Court held that Intervenors could participate in this litigation on a limited basis. Finding that Intervenors "do not have a sufficiently direct, substantial, and legally protectable interest," the Court held that they could not intervene as of right pursuant to Federal Rule of Procedure 24 in the compliance phase of this NEPA case. Memorandum Opinion and Order, January 21, 1999 at 12. However, the Court held that their participation in the remedial phase of the case was appropriate. *Id*. Further, the Court determined that Intervenors' input at the compliance phase would be useful and ordered that they could submit an amicus brief on the issue of NEPA compliance. *Id.* at 13-14. FNF Properties filed a Motion to Certify Interlocutory Appeal on April 23, 1999 which the Court

2

Case 1:98-cv-00127-WJ-WD   Document 112   Filed 07/62/93   Page 3 of 6

granted.  Now, in its Motion for Stay, FNF Properties urges this court to stay all proceedings until the appeal is completed.

FNF Properties also filed a Motion for Summary Judgment [**Doc. 91**] on August 18, 1999. Plaintiffs submitted both a response and a Motion to Strike the summary judgment motion.

## DISCUSSION

### I. Motion for Stay

In its Motion for Stay, Intervenor FNF Properties argues that proceedings should be stayed pending the Tenth Circuit's decision on FNF's appeal.  However, FNF does not seek to have settlement negotiations stayed.  FNF Properties, L.L.C.'s Motion for Stay ¶ 8.

FNF argues that the stay should be granted because this Court has been divested of jurisdiction by virtue of the appeal. It is true as a general matter that a notice of appeal transfers jurisdiction from the district court to the court of appeals. *Howard v. Mail-Well Envelope*, 150 F.3d 1227, 1229 (10th Cir. 1998) (citing *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990)). However, jurisdiction is transferred only for those issues involved in the appeal. *Id.* (citing *Stewart*, 915 F.2d at 576).  In this case, the issue on appeal is whether Intervenors can intervene as a matter of right in the compliance phase of this NEPA case.  The merits of the case, however, are not on appeal, and therefore this Court retains jurisdiction over much of the case.

Though this Court is not stripped of jurisdiction over the merits of this case, it is within the Court's discretion to stay the proceedings until the Court of Appeals issues its decision. 28 U.S.C. section 1292(b) provides that a district judge who certifies an issue for interlocutory review may stay proceedings in the district court pending the outcome of the issue on appeal.  FNF's primary argument urging the Court to exercise its discretion to stay proceedings is that failure to do so could

Case 1:98-cv-01277-WJ-WD Document 412 Filed 01/06/13 Page 4 of 6

result in waste of time and resources by both the Court and the litigants. This is certainly possible. If the litigation were to continue without Intervenors and the Tenth Circuit were to subsequently decide that Intervenors had the right to intervene in all portions of the case, some issues might have to be relitigated. In order to avoid this potential duplication and waste, the Court will stay the case except those proceedings related to settlement negotiations. The parties have indicated that they are close to settling the case, and the Court does not want to interfere with these efforts. Plaintiff's Response to Intervenor FNF's Motion for Stay, filed on September 1, 1999 states that Plaintiffs and Defendant BLM reached a settlement agreement which awaits approval from the Department of Justice. Plaintiffs further state their intention to file a motion to dismiss the case once the settlement agreement has been approved. This and all other matters related to settlement will not be stayed.

II. **Motion for Summary Judgment and Motion to Strike**

Intervenor FNF filed a Motion for Summary Judgment in blatant contravention of two decisions by this Court. First, as discussed above, this Court's January 20, 1999 Order held that Intervenors did not have the right to intervene on the compliance phase of the case, but could submit an amicus brief regarding compliance and could intervene in the remedy phase. Rather than filing an amicus brief once the compliance issues were before the Court, Intervenors filed this summary judgment motion, apparently choosing to ignore the Court's ruling.

Second, Intervenors' motion flies in the face of this Court's ruling that a motion for summary judgment is improper in this case reviewing an administrative agency action. The Court's April 2, 1999 Order held that, pursuant to *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), it was not proper for Plaintiffs to submit a motion for summary judgment in this case. In *Olenhouse*, the Tenth Circuit held that when a district court reviews an administrative agency action it must base

its decision on the administrative record and should act as an appellate court, governing itself by the Federal Rules of Appellate Procedure. *Id.* at 1574, 1579-80. The *Olenhouse* court went on to state that "motions for summary judgment are conceptually incompatible with the very nature and purpose of an appeal." *Id.* at 1580. In keeping with this mandate, this Court struck Plaintiff's Motion for Summary Judgment. Moreover, the Court outlined the process the parties were to follow: Defendant was to submit the administrative record, after which Plaintiffs could challenge the record. Plaintiffs were then to file a brief seeking judgment, and Intervenors could file an amicus brief at this stage. Despite this clear direction, FNF submitted a motion for summary judgment before the administrative record was finalized and before Plaintiffs had filed their brief.

Because FNF's Motion for Summary Judgment is in clear disregard of the Court's decisions and the case law upon which they are based, the motion will be struck.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Intervenor FNF's Motion for Stay [**Doc. 91**] is **GRANTED IN PART**. All proceedings except those involving settlement are hereby stayed.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Intervenor FNF's Motion for Summary Judgment [**Doc. 98**] is **GRANTED.** Intervenors' Motion for Summary Judgment [**Doc. 97**] is hereby **STRICKEN**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs
Jill Janine Smith
Edward B. Zukoski

Counsel for Intervenor Defendant FNF Properties, Inc.
Timothy J. DeYoung
Maria O'Brien

Counsel for Defendant
John W. Zavitz
Andrea Berlowe

Counsel for Intervenor Defendants Pablo, Arrossa, and THG Corporation
James R. Scarantino

5