## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO
_____

WESTERN ENERGY ALLIANCE,

      Plaintiff,

    v.                                  No.  CV-16-0912 WJ/KBM

SALLY JEWELL, in her official capacity
as Secretary of the United States
Department of the Interior, and
BUREAU OF LAND MANAGEMENT,

      Defendants,

    and

THE WILDERNESS SOCIETY,
WYOMING OUTDOOR COUNCIL,
SOUTHERN UTAH WILDERNESS
ALLIANCE, SAN JUAN CITIZENS
ALLIANCE, GREAT OLD BROADS FOR
WILDERNESS, SIERRA CLUB,
WILDEARTH GUARDIANS, CENTER
FOR BIOLOGICAL DIVERSITY, and
EARTHWORKS,

      Applicants for Intervention.

### MEMORANDUM OPINION AND ORDER
### GRANTING APPLICANTS' MOTION FOR STAY ON COUNTS 2 & 3
### and
### ORDERING STAY ON COUNT 1

      THIS MATTER comes before the Court upon a Motion to Stay Proceedings on Claims 2 and 3 Pending Appeal of Order Denying Motion to Intervene, filed January 20, 2017 **(Doc. 44)**.   Having reviewed the parties' briefs and applicable law, the Court finds that Applicants' Motion is well-taken and, therefore, is granted.  In addition, the Court will also stay Count 1 of the complaint.

## BACKGROUND

In this case, Plaintiff Western Energy Alliance ("Plaintiff" or "Western Energy") asserts claims in connection with a new Bureau of Land Management ("BLM") policy reforming oil and gas leasing on public lands ("Leasing Reform Policy"). The complaint asserts three counts: a Freedom of Information Act ("FOIA") Violation, 5 U.S.C. §552 (Count 1); a request for a declaration that BLM's leasing policies and practices violate the Mineral Leasing Act, 30 U.S.C. §226(b)(1)(A) (Count 2); and an assertion that BLM's actions in scheduling and administering oil and gas lease sales violates the Mineral Leasing Act (Count 3). Applicants for Intervention ("Applicants") represent environmental groups seeking to protect public lands from the impacts of oil and gas development.

Applicants filed a motion to intervene on Counts 2 and 3. The Court recently denied the motion (Doc. 38), and Applicants filed an appeal in the Tenth Circuit Court of Appeals, which is currently pending (Doc. 41). They now seek a stay on Claims 2 and 3 pending a decision by the Tenth Circuit on their intervention appeal. Plaintiff opposes the motion, contending that a stay will continue to exacerbate the ongoing and continuing injuries caused by BLM's failure to adhere to the agency's statutory obligations.

## DISCUSSION

A party is entitled to immediately appeal an order denying a motion to intervene. *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 994 (10th Cir. 2009) (citing *Coal. Of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 839 (10th Cir. 1996)) ("[A]n order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action."). To determine whether to grant a stay of proceedings pending appeal, courts look to four factors:

> (1) whether the stay applicant has made a strong showing that [the applicant] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (stating the similar showing required in Tenth Circuit for a stay pending appeal); 10th Cir. R. 8.1 (same).

## I.   Likelihood of Success on Merits of Intervention Appeal

In its decision denying intervention (Doc. 38, "Order Denying Intervention"), the Court found that Applicants had met the first two requirements for intervention under Fed.R.Civ.P. Rule 24: their motion was timely and they had shown a legally-protectable interest in the case. This opinion therefore addresses only the other two requirements on which the Court rejected Applicants' arguments: (1) potential impairment of those interests and (2) inadequacy of representation.

The Court agrees with Plaintiff that Applicants' arguments in this category are a repackaging of those made in the original motion to intervene.  In its Order Denying Intervention, the Court found that Applicants generally mischaracterized Plaintiff's claims, making it appear that Western Energy was challenging BLM's discretionary authority to determine when federal lands were available for oil and gas leasing and seeking a declaration from the Court that a mere "expression interest" by an oil and gas company makes a land parcel "available for leasing" under the Leasing Reform Policy and the Mineral Leasing Act ("MLA"). The Court discussed Applicants' view of the lawsuit and found their description of Plaintiff's claims to be unfounded based on the allegations in Plaintiff's complaint.  There is no need at this point for the Court to go through that exercise again, since the Court's discussion of this issue

can be found in the Order Denying Intervention.  *See* Doc. 38 at 10-15.   It is enough here to say

that misrepresentation of Plaintiff's claims creates the false impression that the Applicants'

interests are far apart from Plaintiff's, which would mean that Applicants' interests would be

impaired if they are not allowed to participate in this case.   If the Court is mistaken regarding its

view of Plaintiff's position in this lawsuit, and Western Energy is indeed challenging the reforms

contained in the Leasing Reform Policy which the conservation groups (Applicants) worked hard

for years to achieve, then of course Applicants would have a strong likelihood of success on the

merits of their intervention appeal.   Applicants also represented that the current Leasing Reform

Policy is a negotiated document representing concessions made by the conservation groups.

However, the fact that the current policy does not actually represent Applicants' would-be

interests has no relevance here because this lawsuit involves the current BLM Leasing Reform

Policy, not what Applicants would have wanted it to be.   In other words, Applicants' "interests"

must be considered only in the context of the policy that exists now because this lawsuit will not

be litigating the changes Applicants would like to see made to the policy.

     In the Order Denying Intervention, the Court also found that Applicants were not entitled

to intervene under Rule 24 because they are adequately represented by BLM in this lawsuit.   In

the hearing on Applicants' Motion to Intervene, the Court heard various arguments from

Applicants as to why BLM could not adequately represent their interests.   The Court considered

relevant law on this issue, particularly *N.M. Off-Highway Vehicle All. V. U.S. Forest Serv.,* in

which the Tenth Circuit Court of Appeals reversed this court's denial of a motion to intervene by

various environmental groups.   540 F.App'x 877, 880 (10th Cir. 2013).   In that case, the Tenth

Circuit stated that it has "repeatedly recognized that it is impossible for a government agency to

protect both the public's interests and the would-be intervenor's private interests."   Doc. 38 at

20, n.7.  This Court pondered whether that statement means that motions to intervene by conservation groups would *automatically* be granted in environmental cases involving a federal agency and there would be no need to ever consider the adequacy of representation factor in such cases.  *Id.*  However, this Court lviewed the Tenth Circuit's holding in *N.M. Off-Highway* case in light of the particular facts of that case, and also relied on a dissent written by Judge Neil Gorsuch for Applicants' argument that the agency's objective could "shift" during litigation.  If the Tenth Circuit determines that this Court should have followed *N.M. Off-Highway* and that the facts of this case are not distinguishable from that case, then Applicants will likely succeed on the merits of their intervention appeal.

The Tenth Circuit has adopted a liberal definition of the "probability of success" requirement.  *Tri-State Generation and Transmission Assoc., Inc. v Shoshone River Power, Inc*., 805 F.2d 351 (10th Cir. 1986).  If a Plaintiff shows the presence of the other elements, it will ordinarily be enough that the Plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation. *Id*.  Injury is generally not irreparable and will not support a preliminary injunction if compensatory relief would be adequate.  This approach would be applicable here even if Applicants did not show a strong likelihood of success on the merits.

## II.    Irreparable Harm

Applicants argue that they face irreparable injury if the stay is not granted because they will be denied the opportunity to defend their legitimate legal interests in this matter.   A court should stay proceedings in this case to "preserve the status quo pending appeal so that the appellant may reap the benefit of a potentially meritorious appeal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp*., 356 F.3d 1256, 1267 (10th Cir. 2004) (citation omitted).

Plaintiff contends that allowing the case to proceed cannot harm Applicants because their participation will not change the outcome: either eligible parcels were available on occasions when BLM failed to conduct lease sales, or they were not.  The Court finds that this factor weighs in favor of Applicants because the harm to be considered here is the *participation* of Applicants, which cannot be undone without significant inconvenience to the parties and to the Court if Applicants win their appeal.

This Court does have discretion to proceed with the litigation of this case without the participation of Applicants, since the only issue on appeal is whether Applicants can intervene as a matter of right, or permissively, in this case.  *See Stewart v. Donges,* 915 F.2d 572, 575 (10th Cir. 1990) (on appeal, jurisdiction is transferred to court of appeal only for those issues involved in this appeal).  If the litigation were to continue without the Applicants and the Tenth Circuit were to subsequently decide that Applicants had the right to intervene in all portions of the case, some issues might have to be re-litigated.  *See, e.g., Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (noting that the Ninth Circuit had stayed all proceedings while conservation groups pursued an appeal from the district court's denial of their motion to intervene); *Abbott Labs. v. Diamedix Corp*., No. 94-1345, 1994 WL 782247, at *2 (Fed. Cir. 1994) (holding that intervenors, the court, and other parties may all be harmed if trial proceeds while denial of intervention is on appeal).  This factor weighs in favor of Applicants in that issuing a stay would avoid potential duplication and a waste of time and efficiency for both parties and the Court.

## III.    Balance of Harms

Applicants claim that Plaintiff will not suffer substantial harm from a stay, while denial of a stay would harm their interests in precluding their participation in this lawsuit.  Plaintiff

argues that a stay would result in a delay in the resolution of this case and extend their continuing and ongoing injury.  In particular, Plaintiff notes that BLM remains noncompliant with its statutory obligations which have resulted in a paucity of lease sales.

The Court finds that this factor weighs in Applicants' favor as well, since if the case is not stayed and Applicants succeed on their appeal, the injury to other parties (as well as a negative impact on judicial efficiency) would outweigh any harm to Plaintiff.  The real "meat" of this litigation concerns Counts 2 and 3, and any delay is expected to be modest, compared with the delay that would be caused if matters need to be re-litigated.

## IV.    Public Interest

Applicants contend that that the issuance of a stay will not harm the public interest. *Coal. Of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 839 (10th Cir. 1996) (public does not have an interest in pressing ahead in litigation without "involving as many apparently concerned persons as is compatible with efficiency and due process").  Plaintiff claims that the public has an interest in the revenues that result from moving along federal oil and gas development.  The Court finds that the public interest here lies in seeing the issues in this case resolved as expediently as possible and in assuring that federal agencies are complying with their statutory obligations.  The delay at stake here is temporary and will ensure that the litigation of this case does not have to endure procedural switchbacks by re-litigating issues that were decided without all legitimate parties on board.

There is yet another consideration which contributes to the appropriateness of a stay, which was also raised at the hearing on the motion to intervene, and that is any impact this past Presidential election might have on this lawsuit.  At the hearing, it was discussed in the context of a possible "shift in litigation" on the part of BLM, but as Plaintiff's counsel noted at the

hearing, a shift that would presumably be more favorable to companies dealing in the energy business would make this a different case altogether—and probably "moot the need for this litigation in the first place." Doc. 38 at 19-20.   The impact of a new Presidential administration works neatly in the context of a stay, since a stay would allow a bit of time for any changes in administrative policy which might occur to settle in and take effect while the Applicants' appeal is pending.

The Court therefore GRANTS Applicants' motion for a stay on Counts 2 and 3.

**V.     Stay on Entire Case**

While the Court's analysis here followed the four-factor analysis for injunctive relief, the Court notes also notes that it has the inherent power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963); *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015).

Issuing a stay on only Counts 2 and 3 would not be an efficient way of managing this lawsuit and will also result in piecemeal litigation with Counts 1 and 4 proceeding while Counts 2 and 3 are on hold pending a resolution of the appeal pertaining to Applicants' intervention on those counts.   The Court assumes that much of the same evidence is the same for all the claims, and therefore the best approach to wise case management is to stay all proceedings in this case.

**THEREFORE,**

**IT IS ORDERED** that Applicants' Motion to Stay Proceedings on Claims 2 and 3 Pending Appeal of Order Denying Motion to Intervene **(Doc. 44)** is hereby GRANTED in that **Counts 2 and 3 are hereby STAYED** pending a resolution of the Applicants' intervention appeal;

**IT IS FURTHER ORDERED** that **Count 1 is hereby STAYED** pending resolution of the Applicants' intervention appeal.  This stay will be lifted upon issuance of the Tenth Circuit's mandate on the appeal decision.


_____
UNITED STATES DISTRICT JUDGE